## BOYLE v. WILCOX ET AL.

1. **Appeal:** FROM JUSTICE'S COURT: AMOUNT IN CONTROVERSY. Where plaintiff sued in justice's court on an account of $32.15, but admitted payments to the amount of $12, and the defendants for answer denied all indebtedness and pleaded payments to the amount of $29, but asked for no judgment, *held* that defendants' pleading was a defense simply, and not a counter-claim; that the amount in controversy was not greater than the amount of plaintiff's claim, to-wit, $20.15; and that the Circuit Court should have dismissed the case on appeal, on defendants' motion, for want of jurisdiction—the amount in controversy being less than $25.

*Appeal from Hardin Circuit Court.*

THURSDAY, OCTOBER 5.

ACTION upon an account brought before a justice of the peace. The account sued on was for $32.15, but the plaintiff admitted payments to the amount of $12.00 and asked judgment only for the balance, $20.15. The defendants for answer denied all indebtedness and pleaded payments to the amount of $29.00. This plea of payments they called a counter-claim. The plaintiff recovered judgment before the

justice for $3.70. She appealed to the Circuit Court, and recovered judgment for $20.15. Before the trial in the Circuit Court the defendant moved to dismiss on the ground that the amount in controversy was less than $25.00. The court overruled the motion, and from the order overruling the motion the defendants appeal to this court.

*Albrook & Hardin*, for appellant.

*H. L. Huff*, for appellee.

ADAMS, J.—This case comes to us upon a certificate duly presenting the question as to the correctness of the ruling of the court upon the defendants' motion to dismiss. The difficulty appears to arise solely out of the difference in views which are taken of the defendants' pleading. The plaintiff's view seems to be that the defendants not only deny that there was ever anything due the plaintiff on the alleged account, but aver that there is due from her to them the sum of $29.00 for money advanced to her by them. But we do not think that this view can be sustained. It is true that the payments pleaded are called a counter-claim. But, if the money advanced was advanced as payments, such payments become merely a matter of defense. The defendants did not claim that they had overpaid, or advanced money as payments by mistake, nor did they ask for any judgment. The controversy between the parties appears to be this: The plaintiff admitted payments to the amount of $12.00; the defendants claimed payments to the amount of $29.00. The amount in controversy, we think, was not greater than the amount of the plaintiff's claim, $20.15, and it follows that the defendants' motion to dismiss should have been sustained.

REVERSED.